## Sarfert Hosiery Mills, Inc., v. Parayarn Company, Inc., et al.

*Axelroth and Porteous,* for plaintiff.

*J. Gross,* for Parayarn Company, Inc., and Harry Haff, individually and trading as Haff Co., defendants.

*C. B. Howland, T. D. McBride, S. W. Foulkrod,* and *C. B. Howland,* for Jefferies Dyeing Work, Inc., defendant.

FLOOD, J., January 6, 1950.—Plaintiffs sued defendants in assumpsit charging that defendant Parayarn Co., Inc., and defendant Harry H. Haff, as its agent, undertook to sell to plaintiff rubber yarn for the purpose of use in the manufacture of socks by plaintiffs; that these defendants knew the purpose for which the rubber yarn was being purchased; that defendants delivered yarn unfit for that purpose and also breached their implied warranty of merchantability. Plaintiff also charges that defendants knew that these socks were to be dyed and that the rubber yarn disintegrated in the dyeing process, also in breach of the implied warranty of the fitness for the purpose for which the rubber yarn was purchased. Plaintiff charges that third defendant, Jefferies Dyeing Works, Inc., dyed the rubber socks for it under contract and breached its contract by failing to dye them in a good and workmanlike manner. Plaintiff charges that as a result of the breach of their respective contracts, by the defendants, socks were returned by purchasers and had to be sold at a great loss or are still on hand and are worth a great deal less than they would have been if the workmanship of defendants had been proper and that in addition, plaintiff has lost a considerable amount of good will. It charges that it does not know which of defendants is responsible for the loss and is suing them in the alternative.

Defendant Parayarn Company, Inc., has filed preliminary objections which are before us for disposition.

1. Defendant objects to the joinder of Jefferies Dyeing Works, Inc., with it on the ground that Parayarn and Jefferies are being sued on entirely separate contracts which have no relation to each other and therefore cannot be joined under the Procedural Rules. There is little authority on this point. The appellate case cited by Parayarn and most of the other cases cited by it have to do with the joinder of additional defendants. But the joinder of additional defendants is governed by different rules from those relating to the joinder of defendants in the first instance.

Under Rule 2252(a) a defendant can join as an additional defendant only a person who may be alone liable or liable over to him "on the cause of action declared upon" or jointly or severally liable thereon with them. Obviously a joinder such as we have in this case would not be permissible in the case of an additional defendant because the liability of the two defendants arises out of different contracts and the causes of action are distinct and different.

However, the right to join causes of action or to join defendants in the first instance, as distinct from joining additional defendants after the suit has been started, is broader. Rule 1020(a) provides that "the plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasi contractual". Under this section certainly these two causes of action could be joined if same defendant had made both contracts with plaintiff. Where there are different defendants we must consider rules 2229(b), (c) and (d). Rule 2229(b) gives plaintiff the right to join as defendants "persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence,

or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action".

Defendant Parayarn points out that the transaction between plaintiff and Parayarn is not the same transaction as that between plaintiff and Jefferies nor are the occurrences the same. The question, therefore, is whether they can be called the same series of transactions and whether any common question of law or fact affecting the liabilities of all defendants will arise in the action. We have almost no authority on this question in Pennsylvania as yet. Tort cases such as Toth v. O'Brien et al., 44 D. & C. 405 (1942), and Watkins Produce, Inc., v. Kanitsky et al., 68 D. & C. 198 (1949), are of very little help when we are dealing with assumpsit cases. The case of Ziegler v. Ellwood City Forge Co. et al., 64 D. & C. 587 (1941), involved a single action of mandamus against two separate corporations the court held that no common question of law or fact was involved. However, neither that case nor the cases cited in the Ziegler opinion involved facts enough like the ones before us to be of any help in deciding whether or not joinder should be allowed in the case we are considering.

It seems to us that unless a "series of transcations" is to be confined to a series of transactions all with the same persons, the situation set forth in this complaint is in that category. The transactions between plaintiff and two defendants are all in the series of operations in the production of the finished product. This seems to us to be the sort of thing which was intended to be covered by the phrase, "series of transactions".

It also appears to us that there is a common question of fact involved. Under the facts set forth in the statement of claim either defendant Parayarn breached its warranty or defendant Jefferies improperly dyed

the socks. If the suit were brought against Parayarn alone Jefferies or some of its agents or employes would likely have to be called as witnesses with regard to the dyeing process. If on the other hand the suit were brought against Jefferies alone, it is likely that Parayarn's agents or employes would have to be called as witnesses with regard to the nature of the rubber yarn and the effect of the dye upon it. It may be that expert witnesses might handle both matters instead, yet some of the questions of fact that would arise in separate suits against these two defendants are almost inextricably mingled and therefore it must be said that a common question or questions of fact affecting the liabilities of both defendants will arise in the action.

Section 2229 (c) eliminates any objection that might be made because these two causes of action are inconsistent with one another.

Section 2229 (d) strengthens our conclusion because it provides a person who asserts the cause of action ex contractu may join as defendants all or any one or more persons alleged to be liable to him on or by reason of the breach of the contractual obligation sued upon ". . . whether their liabilities arise from the same or separate acts or undertakings . . .". The clause last quoted makes it clear that the mere fact that two separate contracts are involved does not of itself prevent joinder even though section 2229 (d) does use the phrase "liable . . . by reason of the breach of *the* contractual obligations sued upon". The article "the" is not sufficient to destroy the clear language of the cause permitting joinder "whether their liabilities arise from the same or separate acts or undertakings".

We conclude that under rules 2229 (b), (c) and (d) the preliminary objections with regard to joinder of defendants in this case must be overruled. See on this general subject the discussion in Goodrich-Amram

Civil Practice, sec. 2229(b)-5, particularly the cited case of Payne v. British Time Recorder Co. (1921), 2 K. B. 1.

Defendant Parayarn also argues that the suit against Jefferies might just as well sound in tort. As a matter of fact it is a suit for breach of contract and may be properly brought in assumpsit. Since it can be so brought, joinder of that suit with a suit against another defendant in assumpsit is not barred merely because one of the suits might have been brought in tort.

2. Defendant further objects that plaintiff's claim for loss of good will is not averred with sufficient specification. As a matter of fact only a jury can liquidate such a claim. While loss of good will has to be specifically claimed in the sense that it must be mentioned as an item of damage in the complaint, yet the evidence by which that loss of good will is to be proved need not be set forth in the complaint. The names of the customers who may have been lost and the amount of business done with them, etc., need not be pleaded. Proof of loss of good will may be very difficult but the evidence by which it is to be proved need not be specifically set forth so long as there is a specific claim for the loss of good will. By the same token since the claim must be liquidated by a jury verdict, the amount claimed is merely a limiting amount and is no ground for sustaining preliminary objection.

3. The other preliminary objections are without merit except objections nos. 3 and 4. Objection no. 4 to the effect that paragraph 13 is defective and that it fails to set forth the date and manner of the notice alleged therein and whether the same was written or oral is admittedly well taken and plaintiff has agreed that this paragraph should be amended. Objection no. 3 that paragraph 8 of the complaint is defective and that it fails to set forth the date of the alleged repre-

sentation and warranty and whether the same was oral or written is also well taken in our opinion. We are asked to infer that the date of the alleged warranty was the date of the contract, but it does not seem to us that this is necessarily so unless it is an implied warranty. The paragraph does not state that the warranty is an implied one. If it is implied, the complaint should say so, and then neither the date need be given nor need it be stated whether it is oral or written. If, however, it is an express warranty, then the pleadings should tell us whether it is oral or written.

Preliminary objections nos. 3 and 4 are sustained. The remaining preliminary objections are dismissed. Plaintiff is given the right to file an amended statement of claim within 20 days.